# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GAY,<br><br>                      Plaintiff,<br><br>v.<br><br>AJ SAN DIEGO LLC d/b/a AMERICAN JUNKIE and GASLAMP QUARTER ASSOCIATES LLC,<br><br>                      Defendants. | Case No.: 18cv1715-MMA-MDD<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 2] |

On July 26, 2018, Plaintiff Lawrence Gay ("Plaintiff") filed this action against defendants AJ San Diego LLC d/b/a American Junkie and Gaslamp Quarter Associates LLC (collectively, "Defendants"). *See* Doc. No. 1. Plaintiff simultaneously filed a motion for leave to proceed *in forma pauperis* ("IFP"). *See* Doc. No. 2.

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v.*

1

*E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Plaintiff indicates that he receives $910.00 per month in disability pay. *See* Doc. No. 2 at 2. Plaintiff is unemployed and has been unemployed for at least the past two years. *See id.* Moreover, Plaintiff has no bank accounts or assets, yet Plaintiff's total monthly expenses amount to $970.00. Thus, Plaintiff's affidavit sufficiently shows that he lacks the requisite financial resources to pay the filing fee. As such, the Court **GRANTS** Plaintiff's motion to proceed IFP. The Court has also reviewed Plaintiff's complaint, and concludes that it is not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court hereby **ORDERS** as follows:

1. The Clerk shall issue a summons as to Plaintiff's complaint (Doc. No. 1) upon Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his complaint and the summons. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and to return it to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the complaint and summons upon Defendants as directed by Plaintiff on the form. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

2. Defendants shall reply to the complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

3. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document

submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendants or counsel of Defendants and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED.**

Dated: July 27, 2018

Hon. Michael M. Anello
United States District Judge